**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LORI LAVON BONILLA,

    Plaintiff

v.

EQUIFAX INFORMATION SERVICES LLC, and CREDIT SECURITY ACCEPTANCE CORP.,

    Defendants

Case No.: 3:26-cv-00047-MMD-CSD

**Order**

Re: ECF No. 16

Before the court is Plaintiff Lori Lavon Bonilla's second motion for alternative service (ECF No. 16).

**I. BACKGROUND**

Plaintiff initiated this action against Defendants Equifax Information Services LLC and Credit Security Acceptance Corp. ("CSAC") on January 22, 2026. The record reflects that Equifax has been served. (ECF No. 5.) Plaintiff previously sought the court's permission for alternative service of process on CSAC. (ECF No. 7.) The court denied that motion without prejudice on March 3, 2026. (ECF No. 15.) Following an additional attempt at service of process on CSAC, Plaintiff renews her motion for alternative service.

**II. STANDARD**

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1017 (9th Cir. 2002) (citation omitted). Several valid service methods are set forth in Federal Rule of Civil Procedure 4. "Rule

4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citation omitted).

Under Rule 4(h)(1), a corporation must be served either (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant," or (2) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1), 4(e)(1).

Arizona, where service is being attempted, authorizes service on a corporation "by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Ariz. R. Civ. P. 4.1(i). Nevada allows for service in the same manner. Nev. R. Civ. P. 4.3(a)(3), 4.2(c)(1). Both states allow alternative service where the traditional service methods are "impracticable." Nev. R. Civ. P. 4.4(b); Ariz. R. Civ. P. 4.1(k)(1).

### III. ANALYSIS

Initially, a process server attempted to serve CSAC with the summons and complaint at the address of CSAC's statutory registered agent three times: Tuesday, January 28, 2026, around 11:00 a.m., Wednesday, January 29, 2026, around 1:00 p.m., and Saturday, January 21, 2026, around 6:00 p.m. The address was in a gated community, and the call box names were not

legible, so the process server was able to enter through the gates only the first and third times, and there was no answer at the door either time. (ECF No. 6.)

On March 5, 2025, a process server attempted to serve an agent or officer of CSAC at an alternative address – 555 W. University Dr., Ste. 9, Mesa, AZ 85201. The process server discovered that the location, which is listed on the Arizona's Corporation Commission's web site as the address for both CSAC and all its officers, was vacant. (*See* ECF No. 16-2.)

Plaintiff again requests leave to serve CSAC by certified mail. The court finds that Plaintiff has been reasonably diligent in attempting to serve CSAC through the traditional methods, and that alternative service via certified mail sent to both addresses listed for the statutory agent, Joseph Dzurinko, is reasonably calculated to provide CSAC notice of this suit and an opportunity to respond.[1]

In addition, Plaintiff again requests an extension of time to complete service of process but does not identify what length of time she needs or explain why an extension is necessary when more than a month yet remains to complete service of process. Plaintiff's renewed request for an extension of time to effect service will be again denied without prejudice.

## IV. CONCLUSION

Plaintiff's motion for alternative service (ECF No. 16) is **GRANTED**. Plaintiff may complete service on CSAC by mailing the summons, complaint, and other materials to CSAC at both addresses listed for its registered agent: 11860 E. Sahuaro Dr., Unit 1010, Scottsdale, AZ, 85259, and 11445 E. Via Linda, Ste. 2-615, Scottsdale, AZ, 85259. Plaintiff shall file a certified mail return receipt on the docket to establish that service of process was completed.

---

[1] As reflected in Plaintiff's Exhibit A, those addresses are: 11860 E. Sahuaro Dr., Unit 1010, Scottsdale, AZ, 85259, and 11445 E. Via Linda, Ste. 2-615, Scottsdale, AZ, 85259.

Plaintiff's request for an extension of time to complete service of process is **DENIED**

**WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 19, 2026

_____
Craig S. Denney
United States Magistrate Judge